IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:03-CR-88-4H
NO. 4:08-CV-117-H

| | |
|---|---|
| ANTONIO DEMONTA HARVEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the government's motion to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted. Petitioner has responded, and this matter is ripe for adjudication.

### BACKGROUND

Petitioner was convicted by a jury on April 28, 2004, of conspiracy to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On November 3, 2004, this court sentenced petitioner to a term of imprisonment of 360 months. The court also announced an alternative sentence of 240 months' imprisonment in the event that the sentencing guidelines were overturned. On appeal, the Fourth Circuit

affirmed his convictions, but remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). On remand, the court imposed the alternative sentence of 240 months' imprisonment. Petitioner appealed again, and the sentence was affirmed. On July 21, 2008, petitioner filed this timely motion to vacate pursuant to 28 U.S.C. § 2255. Additionally, petitioner made a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582, and this court lowered his sentence to 196 months. The court also allowed petitioner to amend his § 2255 motion. The government now moves to dismiss petitioner's amended § 2255 motion. For the reasons stated in the government's motion, as well as for the reasons stated below, the court grants the government's motion to dismiss.

## COURT'S DISCUSSION

In his motion, petitioner raises two grounds for relief. First, petitioner argues that the "trial court erred in its failure to make factual findings sufficient to support attribution of over 1.5 kilograms of crack cocaine to movant." (Am. Mot. [DE #178] at 11.) This same argument was raised and rejected during petitioner's second appeal. The Fourth Circuit held that in determining the drug amount attributable to petitioner, the court "relied upon information in the presentence investigation report, which it independently found

2

credible and reliable, and testimony admitted at trial. The district court did not abuse its discretion in relying on this evidence." United States v. Harvey, No. 06-4450, 222 Fed. App'x 291, **2 (4th Cir. 2007).

Additionally, petitioner argues that "the trial court erred in declining the request that it give an instruction requiring the jury to make the essential threshold determination of drug quantity." (Am. Mot. [DE #178] at 16.) The jury was instructed on Pinkerton liability, and the verdict established beyond a reasonable doubt that petitioner was responsible for at least 50 grams of cocaine base. The court then properly determined the drug quantities and other sentencing factors, as required by the advisory guidelines. Petitioner's arguments are without merit and have already been decided during his direct appeal.

Next, petitioner claims that his counsels' deficient performances rendered the sentencing and appeal proceedings "constitutionally inadequate." (Am. Mot. [DE #178] at 16.) To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's

3

conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner has not shown that either petitioner's trial counsel or his appellate counsel was ineffective. Petitioner admits in his memorandum that his trial counsel raised numerous objections to the calculation of his guideline range at his initial sentencing. Additionally, whether his appellate counsel raised these objections again on appeal is irrelevant, because his sentence was vacated in light of Booker for resentencing.

At the resentencing hearing, counsel successfully argued for a downward variance. Petitioner was sentenced to 240 months' imprisonment, a term approximately thirty-three percent below the lower end of his applicable guideline range. His sentence was lowered again, to 196 months, upon granting of petitioner's motion under 18 U.S.C. § 3582(c) for retroactive application of the two-point crack cocaine amendment. In light of these facts, petitioner can show no prejudice from the fact that his counsel may have failed to specifically request a variance on the basis of the crack-powder disparity or

4

Kimbrough, especially since the Kimbrough decision was announced after petitioner was resentenced. Kimbrough v. United States, 552 U.S. 85 (2007).

As to the performance of petitioner's second appellate counsel, there is nothing indicating that counsel failed to raise a meritorious argument on appeal. "Review of counsel's performance is highly deferential'" and "[c]ounsel are afforded a strong presumption that their performance was within the extremely wide range of professionally competent assistance." Baker v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000). Petitioner's primary objection regarding drug quantity was pursued on appeal. Petitioner has not demonstrated that there was any meritorious issue that appellate counsel failed to raise on appeal. Therefore, petitioner has not shown that any of his counsel was ineffective.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, and petitioner's § 2255 motion is DISIMISSED. Finding no substantial issue for appeal concerning the denial of a constitutional right, a certificate of appealability is not issued. All other pending motions [DE #165

5

and # 184] are deemed MOOT. The clerk is directed to close this case.

This 30TH day of November 2010.

*signature*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26